**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4272

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

LOUIE GEORGE SINCLAIR, a/k/a Vincent Metallo,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00083-JAB-1)

Submitted: August 18, 2008    Decided: September 17, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louie George Sinclair was convicted of wire fraud, in violation of 18 U.S.C. § 1343 (2000), and was sentenced to eighteen months in prison. Sinclair now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious grounds for appeal. Sinclair was advised of his right to file a pro se supplemental brief, but did not file a brief. Finding no reversible error, we affirm.

Sinclair asserts that the district court erred when it used the 2001 version of the U.S. Sentencing Guidelines Manual in calculating his advisory Guidelines range. We disagree.

We note first that, although Sinclair's sentencing hearing took place in February 2008, the district court properly did not use the version of the Guidelines then in effect because, under Fourth Circuit precedent, see, e.g., United States v. Iskander, 407 F.3d 232, 242 & n.8 (4th Cir. 2005), to do so would have resulted in a violation of the Ex Post Facto Clause. The court was obligated to use the Guidelines edition in effect when Sinclair committed the offense. See USSG §§ 1B1.11(a), (b)(1), p.s. (2007).

We have stated that wire fraud is not an ongoing offense; instead, it "occur[s] on [a] specific, identifiable occasion[]." United States v. Bakker, 925 F.2d 728, 739 (4th Cir. 1991). Wire fraud "is complete when a transmission is made to further the

overall scheme to defraud." <u>United States v. Tulaner</u>, 512 F.3d 576, 579 (9th Cir. 2008); <u>United States v. Carrington</u>, 96 F.3d 1, 7 (1st Cir. 1996). Sinclair committed wire fraud in March 2002, when the transmission in question took place. Accordingly, the district court correctly used the 2001 version of the Guidelines in calculating Sinclair's advisory Guidelines range.

We review a sentence for reasonableness, applying the abuse of discretion standard. <u>Gall v. United States</u>, 128 S. Ct. 586, 597-98 (2007); <u>see also</u> <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007). The record reveals that the district court followed the necessary procedure in sentencing Sinclair, calculating Sinclair's advisory Guidelines range of 18-24 months, considering that range in conjunction with the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and explaining its reason for selecting the sentence. <u>Pauley</u>, 511 F.3d at 473. We may presume that a sentence within the properly calculated advisory Guidelines range is reasonable. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007). Sinclair has not rebutted this presumption. We conclude that his sentence is reasonable.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires counsel inform his client, in writing, of his right to petition the Supreme

3

Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED